**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-1221**

ZHUO GAO,

              Petitioner,

      v.

ERIC H. HOLDER, JR., Attorney General,

              Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  July 2, 2013          Decided:  July 24, 2013

Before MOTZ, KING, and AGEE, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Gary J. Yerman, New York, New York, for Petitioner.  Stuart F. Delery, Acting Assistant Attorney General, David V. Bernal, Assistant Director, Lindsay W. Zimliki, Trial Attorney, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Zhuo Gao, a native and citizen of the People's Republic of China, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's order finding him removable and denying his applications for asylum, withholding of removal, and withholding under the Convention Against Torture ("CAT"). We deny the petition for review.

The Board affirmed the immigration judge's finding that Gao did not establish by clear and convincing evidence that he filed his asylum application within one year of his arrival in the United States. The Board also affirmed the finding that Gao did not establish a clear probability of persecution as required for withholding of removal.

Under 8 U.S.C. § 1158(a)(3) (2006), the Attorney General's decision regarding whether an alien has complied with the one-year time limit for filing an application for asylum or established changed or extraordinary circumstances justifying waiver of that time limit is not reviewable by any court. See Gomis v. Holder, 571 F.3d 353, 358-59 (4th Cir. 2009). Although 8 U.S.C. § 1252(a)(2)(D) (2006) provides that no provision "which limits or eliminates judicial review . . . shall be construed as precluding review of constitutional claims or questions of law," the question of whether an asylum application

2

is untimely or whether the changed or extraordinary circumstances exception applies "is a <u>discretionary determination</u> based on factual circumstances," <u>Gomis</u>, 571 F.3d at 358. Accordingly, "absent a colorable constitutional claim or question of law, our review of the issue is not authorized by § 1252(a)(2)(D)." <u>Id.</u>

Gao attempts to raise a constitutional claim by asserting that he was denied due process because his credible testimony was not considered. In order to establish a due process violation during removal proceedings, Gao must show "(1) that a defect in the proceeding rendered it fundamentally unfair and (2) that the defect prejudiced the outcome of the case." <u>Anim v. Mukasey</u>, 535 F.3d 243, 256 (4th Cir. 2008). Prejudice is shown if the defect "was likely to impact the results of the proceedings." <u>Id.</u> (internal quotation marks omitted).

We conclude that Gao's evidence was considered by the immigration judge and that Gao's "due process" argument is merely a dispute regarding the weight accorded the record evidence, not a colorable constitutional claim. We accordingly

lack jurisdiction to review the immigration judge's finding that Gao's asylum petition was untimely filed.[*]

While we do not have jurisdiction to consider the denial of Gao's untimely application for asylum, we retain jurisdiction to review his requests for withholding of removal and withholding under the CAT. 8 C.F.R. §1208.4(a) (2013).

"Aliens face a heightened burden of proof to qualify for withholding of removal to a particular country under the [Immigration and Nationality Act]." Djadjou v. Holder, 662 F.3d 265, 272 (4th Cir. 2011) (internal quotation marks omitted). "They must show a clear probability of persecution on account of a protected ground. If they meet this heightened burden, withholding of removal is mandatory." Id. (internal quotation marks and citation omitted).

When the Board adopts the immigration judge's decision and includes its own reasons for affirming, we review both decisions. Id. at 273. We will uphold the Board's decision unless it is manifestly contrary to the law and an abuse of discretion. Id. The standard of review of the agency's findings is narrow and deferential, and factual findings are

---

[*] Because the untimeliness of Gao's petition for asylum bars asylum in this case, see 8 U.S.C. § 1158(a)(2)(B), we do not review the immigration judge's alternative rationale for denying asylum.

4

affirmed if supported by substantial evidence. "Substantial evidence exists to support a finding unless the evidence . . . was such that any reasonable adjudicator would have been compelled to conclude to the contrary." Id. (internal quotation marks omitted).

We conclude that substantial evidence supports the finding that Gao did not establish a clear probability of persecution due to a protected ground if he returns to China. Although Gao was detained for seven days, the abuse he suffered and the surrounding circumstances do not compel a finding of a clear probability of persecution.

We further conclude that substantial evidence supports the immigration judge's finding that Gao did not show that he was entitled to relief under the CAT. See 8 C.F.R. § 1208.16(c)(2) (2013).

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

PETITION DENIED

5